**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sergio Amaro Perez,

        Plaintiff,

vs.

Glenn Bell, et al.,

        Defendants.

No. CV 11-1068-PHX-RCB (SPL)

**ORDER**

    Plaintiff Sergio Amaro Perez brought this civil rights action under 42 U.S.C. § 1983 against two Mesa police officers, Glenn Bell and Ryan Park (Doc. 9). Before the Court is Defendants' Motion to Dismiss on statute-of-limitations grounds (Doc. 15). Plaintiff did not respond to the motion.

    The Court will grant the motion and dismiss the action.

**I.    Background**

    Plaintiff's claim stems from his arrest on February 24, 2009 (Doc. 9). He alleged that Defendants ordered him to get on the ground and, as Plaintiff was complying with the order, Defendants threw him to the ground very hard, and Bell slammed his knee into Plaintiff's back (id.). Plaintiff averred that after he was handcuffed and picked up, he was unable to walk due to pain, and Park again threw Plaintiff to the ground. Plaintiff stated that Defendants took him to the jail, but at some point, he was taken to the Maricopa County

Hospital where his injuries were confirmed (id.). Plaintiff asserted that he at no time struggled or resisted Defendants and that they used objectively unreasonable force against him. According to Plaintiff, he suffered severe nerve damage, lower lumbar separation, and back pain as a result (id.).

Defendants now move to dismiss Plaintiff's First Amended Complaint on the ground that the claim against them is barred by the statute of limitations (Doc. 20). Defendants contend that Plaintiff's claim accrued the date of his arrest—February 24, 2009—because he was immediately aware of his injury and who caused it (id. at 2). They submit that because he did not file his initial complaint until May 27, 2011, more than two years later, his claim is time-barred (id. at 1-2).

The Court issued an Order notifying Plaintiff of his obligation to respond to Defendants' motion and of the Local Rules of Civil Procedure governing motion practice (Doc. 17). In lieu of a response, Plaintiff filed a motion seeking appointment of counsel and a three-month continuance so that he could obtain counsel to help him through the legal process (Doc. 18). On April 9, 2012, the Court denied Plaintiff's motion, finding no exceptional circumstances for appointment of counsel and no good cause for an extension (Doc. 20).

To date, Plaintiff has not filed a response to Defendants' motion. The time for responding has expired, and the motion is ready for ruling.

## II. Statute of Limitations

### A. Legal Standard

A statute-of-limitations defense may be raised in a motion under Federal Rule of Civil Procedure 12(b)(6) if the running of the statute is apparent on the face of the complaint. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). When considering a motion to dismiss under Rule 12(b)(6), courts must "accept as true the facts alleged in the complaint," Zimmerman v. Or. Dep't of Justice, 170 F.3d 1169, 1171 (9th Cir. 1999), and "must draw inferences in the light most favorable to the plaintiff." Barker v. Riverside County Office of Ed., 584 F.3d 821, 824 (9th Cir. 2009) (citation omitted).

- 2 -

1 Federal courts borrow state statutes of limitations for personal injury actions in § 1983
2 suits. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Lukovsky v. City of S.F., 535 F.3d
3 1044, 1048 (9th Cir. 2008). Under Arizona law, a claimant has two years to raise a personal
4 injury claim before the statute of limitations runs. Ariz. Rev. Stat. § 12-542. Federal law
5 determines when a cause of action accrues and the statute of limitations begins to run for a
6 § 1983 claim. Lukovsky, 353 F.3d at 1048. Under federal law, a claim accrues "when the
7 plaintiff knows or has reason to know of the injury which is the basis of the action." Id.
8 (quotation omitted).

9 The Court must also apply any state rule for tolling to actions brought under § 1983.
10 See Hardin v. Straub, 490 U.S. 536, 544 (1989); Johnson v. State of Cal., 207 F.3d 650, 653
11 (9th Cir. 2000); TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999). Under Arizona law,
12 the limitation period is tolled during mandatory exhaustion of administrative remedies. See
13 Ariz. Dep't of Revenue v. Dougherty, 29 P.3d 862, 869 (Ariz. 2001); see also Brown v.
14 Valoff, 422 F.3d 926, 243 (9th Cir. 2005) ("the applicable statute of limitations must be
15 tolled while a prisoner completes the mandatory exhaustion process").

16 **B.    Analysis**

17 Plaintiff's excessive-force claim accrued on February 24, 2009—the date he was
18 allegedly assaulted and injured by Defendants (Doc. 9 at 3). See Cabrera v. City of
19 Huntington Park, 159 F.3d 374, 380-81 (9th Cir. 1998) (per curiam) (finding that excessive
20 force claim accrued on the date of the arrest and assault). As Plaintiff averred in his First
21 Amended Complaint, because the alleged excessive force occurred during his arrest and prior
22 to any incarceration, there was no requirement to exhaust remedies (Doc. 9 at 3). Thus, there
23 is no tolling of the statute of limitations, and it expired two years after Plaintiff's arrest on
24 February 24, 2011. The docket reflects that Plaintiff did not file this lawsuit until May 25,
25 2011 (Doc. 1 at 6). See Houston v. Lack, 487 U.S. 266, 270-72 (1988) (pro se prisoner filing
26 is dated from the date a prisoner hands it to a prison official for mailing); Douglas v. Noelle,
27 567 F.3d 1103, 1109 (9th Cir. 2009) (the Houston mailbox rule applies to pro se prisoner
28 § 1983 complaints).

Although Plaintiff acknowledges in his motion for appointment of counsel that he received a copy of the motion to dismiss, he failed to file a response to the statute-of-limitations argument. Plaintiff was specifically notified that failure to respond "may in the discretion of the Court be deemed a consent to the granting of that Motion" (Doc. 17 at 2). See LRCiv 7.2(i).

Accordingly, the Court finds that Plaintiff's excessive-force claim is time-barred, and Defendants' motion will be granted. See Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitation is apparent on the face of the complaint, dismissal for failure to state a claim is proper).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 15), and the Motion is **granted**.

(2) The Clerk of Court must enter judgment of dismissal accordingly.

(3) For the reasons set forth herein, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from the judgment in this action would not be taken in good faith.

DATED this 1st day of May, 2012.

_____
Robert C. Broomfield
Senior United States District Judge